**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO DISMISS INDICTMENT** |
| vs. | ) | **AND ARREST WARRANT; AND** |
| | ) | **MOTION FOR GRAND JURY** |
| Dylan Avila Romero, | ) | **TRANSCRIPT** |
| | ) | |
| Defendant. | ) | Case No. 1:12-cr-224 |

The Defendant, Dylan Romero, has been charged with the offense of possession of a firearm by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). See Docket No. 4. On January 4, 2013, Romero filed a "Motion for Transcripts and Recordings, and to Dismiss the Arrest Warrant and Indictment." See Docket No. 23. The Government filed a responsive brief in opposition to the motion on January 11, 2013. See Docket No. 25. For the reasons set forth below, the Court denies the motions.

## I.  BACKGROUND

On December 13, 2012, Romero was charged in an indictment for possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The indictment provides as follows:

On or about September 26, 2012, in the District of North Dakota,

DYLAN AVILA ROMERO,
a/k/a "Twist,"

having been convicted of the following crimes punishable by imprisonment for a term exceeding one year: (1) Burglary, in Clark County Superior Court (WA), on or about April 2, 1998; (2) Possession of Controlled Substance (cocaine), in Clark

County Superior Court (WA), on or about January 9, 2001; (3-4) Conspiracy to Deliver Imitation Controlled Substance (two counts), in Burleigh County District Court (ND), on or about January 23, 2009; (5-6) Delivery of Imitation Controlled Substance (two counts), in Burleigh County District Court (ND), on or about January 23, 2009; (7) Conspiracy to Deliver Marijuana, in Burleigh County District Court (ND), on or about January 23, 2009; and (8) Possession of Marijuana With Intent to Deliver, in Burleigh County District Court (ND), on or about January 23, 2009, did knowingly possess in and affecting commerce a firearm, that is, one Glock, Model 19, 9mm caliber pistol, serial No. MHA436;

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

See Docket No. 4.

An arrest warrant was issued on December 13, 2012. See Docket No. 3. Romero was arrested and made an initial appearance on December 28, 2012. See Docket Nos. 7 and 12. Assistant Federal Public Defender Heather Mitchell was appointed as Romero's defense counsel. See Docket Nos. 8 and 13. Romero subsequently executed a waiver of appearance pursuant to Rule 10(b) of the Federal Rules of Criminal Procedure, and defense counsel entered a plea of not guilty to the charge on January 3, 2013. See Docket Nos. 19 and 20. Trial is currently scheduled to commence on March 5, 2013. See Docket Nos. 21 and 22.

On January 4, 2013, Romero, although represented by counsel, filed a *pro se* "Motion, Brief and Notice of Motion for Transcripts and Recordings, and to Dismiss the Arrest Warrant and Indictment." See Docket No. 23. Romero contends the indictment is legally deficient for various reasons. Romero alleges that federal law enforcement presented untruthful statements to the grand jury. He requests disclosure of the transcripts and recordings from the grand jury proceedings. The Government filed a response in opposition to Romero's motions on January 11, 2013. See Docket No. 25.

## II. LEGAL DISCUSSION

### A. MOTION TO DISMISS INDICTMENT AND ARREST WARRANT

Romero challenges the sufficiency of the indictment and the constitutionality of 18 U.S.C. § 922(g)(1). The United States Constitution provides that, in federal court, a criminal defendant "shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). Consistent with these requirements, the United States Supreme Court has held that an indictment must:

(1) contain the elements of the offense charged,

(2) fairly inform a defendant of the charge against which he must defend, and

(3) enable a defendant to plead an acquittal or conviction in bar of future prosecution for the same offense.

Hamling v. United States, 418 U.S. 87, 117 (1974).

The Supreme Court has said the indictment must generally describe the charged offense and provide relevant factual allegations. To this end, the indictment may include the statutory language to describe the charged offense:

> "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged."

Hamling, 418 U.S. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)). The indictment need not include the precise statutory language. United States v. Valiant, 873 F.2d 205, 207 (8th Cir. 1989). The indictment need only "fairly inform" the defendant of the charged offense. As such, an indictment will not be held "deficient when the claimed flaw is one of form

3

rather than substance." Id. However, the indictment must contain the essential elements of the charged offense.

The indictment charges Romero with possession of a firearm in violation of 18 U.S.C. § 922(g)(1). 18 U.S.C. § 922(g)(1) provides in relevant part as follows:

> (g) It shall be unlawful for any person—
>
> (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
>
> \*\*\*
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (2005). The charged offense has the following three essential elements:

> (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one-year;
>
> (2) the defendant knowingly possessed a firearm; and
>
> (3) the firearm had been in, or substantially affected, interstate commerce.

United States v. Abumayyaleh, 530 F.3d 641, 647 (8th Cir. 2008) (original citation omitted); United States v. Bates, 77 F.3d 1101, 1104 (8th Cir.), *cert. denied*, 519 U.S. 884 (1996). As outlined above, the indictment charging Romero provides as follows:

> [Romero,] having been convicted of the following crimes punishable by imprisonment for a term exceeding one year: [listing eight (8) convictions] did knowingly possess in and affecting commerce a firearm, that is, one Glock, Model 19, 9mm caliber pistol, serial No. MHA436;
>
> In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

See Docket No. 4. Romero contends the indictment fails to charge a criminal offense for various reasons. As discussed below, considering the allegations in the indictment, the language of 18

U.S.C. § 922(g)(1), and the essential elements of the charged offense, the Court finds that Romero's challenge to the indictment is devoid of merit.

    1.    **KNOWING POSSESSION**

Romero presents several arguments related to the element of "knowing possession" of the charged offense. Romero contends the indictment is deficient because there are no facts to support possession of the firearm. See Docket No. 23, pp. 17-19. The indictment clearly alleges that Romero "did knowingly possess" a specific firearm, on or about September 26, 2012. See Docket No. 4. The Court finds the indictment sets forth sufficient facts to support the knowing possession element of the offense.

The charged offense requires knowing possession of a firearm. Abumayyaleh, 530 F.3d at 647. There is no requirement that a defendant actually know that possession of a firearm is illegal. Nonetheless, Romero argues the indictment is deficient because the indictment does not allege he knowingly violated the law. See Docket No. 23, pp. 8-11. This argument is without merit. Ignorance of the law is not a legal defense to 18 U.S.C. § 922(g)(1). United States v. Reed, 114 F.3d 1053, 1057 (10th Cir. 1997); see also United States v. Hutzell, 217 F.3d 966, 967-69 (8th Cir. 2000) (holding the sentencing enhancement under 18 U.S.C § 924(a)(2) does not require knowledge of the law or the intent to violate the law). The indictment alleges the relevant *mens rea* requirement, that is, it alleges Romero "did knowingly possess" a firearm. See Docket No. 4. The Court rejects Romero's arguments related to the knowing possession element of 18 U.S.C. § 922(g)(1).

## 2. IN OR SUBSTANTIALLY AFFECTING COMMERCE

Romero next contends that Congress exceeded its constitutional authority under the Commerce Clause by enacting 18 U.S.C. § 922(g)(1). Under Section 922(g)(1), a person convicted of a crime punishable by a term of imprisonment exceeding one year may not "possess in or affecting commerce . . . any firearm or ammunition." 18 U.S.C. § 922(g)(1). Romero focuses on Congress' failure to include the term "interstate" in the phrase "possess in or affecting commerce." Courts have interpreted 18 U.S.C. § 922(g)(1) to criminalize knowing possession of a firearm in, or substantially affecting, interstate commerce. Bates, 77 F.3d at 1104 (citing United States v. Lopez, 514 U.S. 549 (1995); United States v. Bass, 404 U.S. 336 (1971)).

The United States Supreme Court has noted that Congress knew how to assert "its full Commerce Clause power so as to cover all activity substantially affecting interstate commerce," and that Congress intended to exercise the full extent of its Commerce Clause power when enacting the statutory predecessor to 18 U.S.C. § 922(g)(1). Scarborough v. United States, 431 U.S. 563, 571-72 (1977) (original citation and quotations omitted); see United States v. Shelton, 66 F.3d 991, 992 (8th Cir. 1995) (noting that Scarborough discussed the predecessor of 18 U.S.C. § 922(g)(1)). Challenges to 18 U.S.C. § 922(g)(1) asserting the statute exceeds Congress' authority pursuant to the Commerce Clause have been rejected by the Eighth Circuit and every other federal circuit court of appeals around the country. United States v. Hill, 386 F.3d 855, 859 (8th Cir. 2004); see United States v. Lowe, 860 F.2d 1370, 1374 (7th Cir. 1988) (rejecting defendant's argument that "commerce" is a distinct concept from "interstate commerce").[1] This

---

[1] United States v. Smith, 101 F.3d 202, 215 (1st Cir. 1996), *cert. denied*, 520 U.S. 1160 (1997); United States v. Trzaska, 111 F.3d 1019, 1029 (2d Cir. 1997); United States v. Gateward, 84 F.3d 670, 672 (3d Cir.), *cert. denied*, 519 U.S. 907 (1996); United States v. Rawls, 85 F.3d 240, 242-43 (5th Cir. 1996); United States v. Chesney, 86 F.3d 564, 568-70 (6th Cir. 1996), *cert. denied*, 520 U.S. 1282 (1997); United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir. 1995); United States v. Bolton, 68 F.3d 396, 399-400 (10th Cir. 1995), *cert. denied*, 516 U.S. 1137 (1996); United States v. McAllister, 77 F.3d 387, 389-90 (11th Cir.), *cert. denied*, 519 U.S. 905 (1996).

Court is bound by the Eighth Circuit's decision and must reject Romero's constitutional challenge to 18 U.S.C. § 922(g)(1).

Romero also notes the indictment fails to include the term "interstate" commerce and argues this is a fatal defect. The indictment includes the statutory language, alleging Romero "did knowingly possess in and affecting commerce a firearm." See Docket No. 4. Failure to include the term "interstate" does not render the indictment insufficient. See Hill, 386 F.3d at 859 (finding an indictment sufficient which alleges the possession was "in or affecting commerce").

### 3. STATUTORY EXCEPTIONS AND AFFIRMATIVE DEFENSES

Romero next asserts that law enforcement solicited his possession, or in other words entrapped him, and the indictment erroneously fails to allege law enforcement did not entrap him. See Docket No. 23, pp. 12-14. Entrapment is an affirmative defense. Abumayyaleh, 530 F.3d at 646. The Supreme Court has explained that "[i]t has never been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses." United States v. Sisson, 399 U.S. 267, 288 (1970).

Romero notes the indictment failed to allege that an exception to the charged offense does not apply. See Docket No. 23, pp. 14-17. Romero cites to 18 U.S.C. § 921(a)(20), which provides an exception for convictions that would otherwise qualify as a "crime punishable by imprisonment for a term exceeding one year," where the defendant's civil rights to possess a firearm have been restored under state law. United States v. Sonczalla, 561 F.3d 842, 844 (8th Cir.), *cert. denied*, 130 S. Ct. 238 (2009). However, the statutory exception is an affirmative defense and the indictment need not allege the exception does not apply:

7

> [T]here is no merit to appellant's contention that the indictment is fatally defective because it does not negate the exceptions set forth in the [relevant statute]. As a general rule, it is the defendant's burden to prove as an affirmative defense that his conduct fell within the legislative exception, and there was no necessity for the indictment to allege that it was not.

United States v. Cartano, 534 F.2d 788, 791 (8th Cir.), *cert. denied*, 429 U.S. 843 (1976) (original citation and quotations omitted).

## 4. INDICTMENT OBTAINED BY MISCONDUCT

Romero argues the indictment was obtained by misconduct on behalf of federal law enforcement officials. The Eighth Circuit has found "this claim [to be] entirely meritless," and went on to explain that "[i]t is well settled that an indictment returned by a legally established and unbiased grand jury 'is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.'" United States v. Roach, 28 F.3d 729, 739 (8th Cir. 1994) (quoting United States v. Calandra, 414 U.S. 338, 345 (1974)).

## 5. 18 U.S.C. § 922(G)(1) UNCONSTITUTIONAL TAKING

Romero also challenges 18 U.S.C. § 922(g)(1) as an unconstitutional "taking" of his right to possess firearms. This claim is entirely frivolous. First, neither seizure of property for use in a criminal prosecution nor forfeiture of such property is a compensable taking under the Fifth Amendment. See United States v. $7,990.00, 170 F.3d 843, 845 (8th Cir.), *cert. dismissed*, 528 U.S. 1041 (1999) (holding that seizure of property pursuant to a forfeiture action "is not subject to the Fifth Amendment's Takings Clause when it deprives [even] an innocent owner of his property."); AmeriSource Corp. v. United States, 525 F.3d 1149, 1153-55 (Fed. Cir.), *cert. denied*, 129 S. Ct. 1611 (2009) ("[T]he police power encompasses the government's ability to

seize and retain property to be used as evidence in a criminal prosecution," which is not considered a taking for public use). Even if a taking has occurred, the proper remedy would not be to invalidate 18 U.S.C. § 922(g)(1) as Romero appears to suggest.

The Fifth Amendment to the United States Constitutional mandates that no "private property be taken for public use, without just compensation."

> The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. . . . Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking.

Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194 (1985) (original citation and quotations omitted). In other words, if a taking occurs, the Fifth Amendment simply requires an adequate means "for obtaining compensation." Id. Generally, a party may file suit against the federal government for a taking in violation of the Fifth Amendment. See First English Evangelical Lutheran Church of Glendale v. L.A. Cnty., Cal., 482 U.S. 304, 315-16 (1987) (noting the Takings Clause has a "self-executing character" and that "in the event of a taking, the compensation remedy is required by the Constitution.") (original citation omitted). As Romero may file suit if a taking has occurred, no violation of the Takings Clause has been shown. In any event, Romero's contentions related to an unconstitutional taking do not affect the validity of 18 U.S.C. § 922(g)(1), or the sufficiency of the indictment.

## 6. CONCLUSION

A careful review of the relevant statute, the essential elements of the charged crime, and the indictment reveals that Romero's challenges to the indictment lack merit. The Court finds the indictment to be sufficient as it:

(1) contains the elements of the charged offense, 18 U.S.C. § 922(g)(1);

(2) fairly informs Romero of the charged offense which he must defend, and

(3) enables him to avoid future prosecution for the same offense.

Hamling, 418 U.S. at 117. Accordingly, the Court denies Romero's motion to dismiss the indictment.

Romero asserts the arrest warrant should be quashed because the indictment fails to charge a crime. As the Court has found the indictment to be sufficient, the motion to quash the arrest warrant is also denied.

## B. TRANSCRIPTS AND RECORDINGS OF THE GRAND JURY PROCEEDING

Finally, Romero requests disclosure of the grand jury transcripts and recordings. In general, the proceedings before a grand jury are secret. Fed. R. Crim. P. 6(e)(2). At the request of a criminal defendant, a court may authorize the disclosure of the grand jury proceedings pursuant to Rule 6(e)(3)(E), which provides as follows:

> (E) The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:
> \*\*\*
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]

Fed. R. Crim. P. 6(e)(3)(E) (2011). "[A] defendant seeking disclosure must demonstrate a particularized need, and whether to permit such disclosure is within the sound discretion of the

trial judge." United States v. Sileven, 985 F.2d 962, 965 (8th Cir. 1993) (original citation and quotations omitted).

Romero contends that federal law enforcement agents provided false testimony before the grand jury. However, he has provided no evidence to support this claim. Bare allegations do not warrant the disclosure of grand jury proceedings. United States v. Warren, 16 F.3d 247, 253 (8th Cir. 1994). Further, Romero failed to present a particularized need which tends to "show[] that a ground may exist to dismiss the indictment" as an allegation of false testimony to the grand jury is insufficient cause to dismiss the indictment. Roach, 28 F.3d at 739. In the exercise of its broad discretion, the Court denies Romero's motion to disclose transcripts and recordings of the grand jury proceedings.

### III. CONCLUSION

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. The Court finds the indictment to be sufficient and that disclosure of the proceedings before the grand jury is unwarranted under the circumstances. The Court **DENIES** Romero's motion to dismiss the indictment and the arrest warrant (Docket No. 24); and **DENIES** Romero's motion to disclose transcripts and recordings of the grand jury (Docket No. 23).

**IT IS SO ORDERED**.

Dated this 20th day of February, 2013.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court